IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE,

    Plaintiff,

- against -

Dr. DOROTHY H. BRAY

    Defendant,

and

CANNABIS SCIENCE, INC.
a Nevada Corporation,

    Nominal Defendant.

INDEX NO.

JURY TRIAL DEMANDED

---

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS
UNDER 15 U.S.C. SECTION 78p(b)

---

Plaintiff, Deborah Donoghue ("Plaintiff"), by her attorneys, David Lopez, Esq. and Miriam Tauber, Esq., as and for her Complaint herein, respectfully alleges the following on personal knowledge as to herself and her own acts, and on information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is an action to recover so-called "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company (*insider* defined as an officer, director

or beneficial owner of more than 10% of a class of equity security of that company) who profited from the purchase and sale or the sale and purchase, actual or deemed, of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information or bad faith is irrelevant and not required. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained in violation of the Act. Whether a defendant is deemed to have realized a profit, and the calculation of such profit, from particular transactions under Section 16(b) is determined in accordance with rules and regulations promulgated thereunder by the U.S. Securities and Exchange Commission (the "SEC") and judicial interpretations.

3. In this action Plaintiff alleges that Dr. Dorothy H. Bray ("The Defendant") was an insider of Nominal Defendant Cannabis Science, Inc. ("Cannabis") at the time of the transactions to be described, to wit: its president and a director and that the Defendant engaged in transactions in Cannabis common stock consisting of purchases and sales within periods of less than six months. The Defendant must surrender her profits, as they are calculated under SEC rules and regulations, to Cannabis.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. §78aa.

5. Venue is proper in this Court under Section 27 of the Act, 15 U.S.C.§ 78aa. One or more of the transactions at issue was made by The Defendant within this District on the OTCQB through a marker located within the district or on an exchange located

within the district. The Defendant is a non-resident alien as to whom venue is correct in any district of the United States.

## THE PARTIES

6. Plaintiff is a shareholder of Cannabis. She resides at 50 Cantitoe Road, Yonkers, New York 10710.

7. Nominal Defendant Cannabis is a Nevada Corporation with principal offices at 6946 N. Academy Boulevard, Colorado Springs, Colorado 80918. This action is brought in the right and for the benefit of Cannabis which is named as a nominal defendant solely in order to have all necessary parties before the Court.

8. The Defendant is a non-resident alien natural person, resident or found at Tanglewood, North Dean, High Wycombe X0 HP14 4NN, the United Kingdom.

## STATUTORY REQUISITESS

9. The violations of Section 16(b) to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt entities within the meaning of the Act.

10. At all relevant times the common stock of Cannabis was registered as a class of equity security pursuant to Section 12(g) of the Act, 15 U.S.C. §78(g) and was listed for trading on the OTCQB, a National Exchanges maintained by the Financial Regulatory Authority, under the symbol CBIS.

11. Demand for prosecution was made on Cannabis on June 18, 2015. More than 60 days have passed since such demand during which time Cannabis has failed or refused to act to recover profits due to it. Further delay in proceeding would be a futile gesture, the statutory 60 day waiting period having expired.

12. This action is brought within two years of the occurrence of the transactions giving rise to Section 16(b) liability, as described herein, or within two years of the disclosure of such occurrences.

**FIRST CLAIM FOR RELIEF**

13. The Defendant made the following purchases of the common stock of Cannabis:

| | |
|---|---|
| 01/15/14 | 2,000,000 @ 0.0962 |
| 01/15/14 | 5,500,000 @ 0.9620 |
| 04/30/14 | 1,500,000 @ 0.0844 |
| 05/14/14 | 200,000 @ 0.2500 |
| 05/29/14 | 200,000 (Warrant) |
| 10/20/14 | 5,000,000 @ 0.05 |
| 10/20/14 | 3,500,000 @ 0.05 |
| 10/21/14 | 5,000,000 @ 0.038 |

14. The Defendant made the following sales of the common stock of Cannabis:

| | |
|---|---|
| 11/13/13 | 2,000,000 @ 0.0382 |
| 11/27/13 | 5,000,000 @ 0.0823 |
| 02/13/14 | 2,000,000 @ 0.1308 |
| 09/29/14 | 1,500,000 @ 0.0558 |
| 01/14/15 | 1,260,750 @ 0.0631 |

15. The Defendant had a pecuniary interest in the shares of common stock and the warrant purchased and sold or sold and purchased or deemed purchased and sold or deemed sold and purchased as described herein.

16. Some or all of the sales (deemed or actual) by the Defendant of shares of Cannabis common stock as described above, occurred within six months of, and at prices higher than, the purchases (deemed or actual) by the Defendant of shares of Cannabis (deemed or actual) of shares of common stock as described herein.

17 As a result of the transactions aforesaid and pursuant to the "lowest-in, highest-out" method and SEC rules and regulations for computing profits realized under Section 16(b), Defendant realized short-swing profits in such amount as may be proved, currently estimated at no less than $138,000.

18. Pursuant to Section 16(b) of the Act, the short-swing profits realized by the Defendant inured to and are the lawful property of Cannabis, recoverable by plaintiff in its stead, the management of Cannabis having itself failed or refused to seek such recovery.

## SECOND CLAIM FOR RELIEF

19. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or discovery of additional trades during the course of this action.

20. The Defendant and purchased and sold shares of common stock (or derivative securities thereof) of Cannabis, including those identified at paragraphs 1 through 18 hereof, within periods of less than six months during the two years preceding the filing of this action, the sales at higher prices than the purchases.

21. These sales and purchases cannot be identified by Plaintiff with specificity, beyond what is enumerated herein, because they have not been publicly reported and

Defendant failed or refused to disclose them (or the lack thereof) upon inquiry from Plaintiff.

22. These sales and purchases within periods of less than six months resulted in profits recoverable under Section 16(b), their exact amounts being unknown to Plaintiff, which profits inured to and are the lawful property of Cannabis and are recoverable by Plaintiff in its stead, the management of Cannabis itself having failed or refused to seek recovery of the same.

## DEMAND FOR JURY TRIAL

34. Plaintiff respectfully demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

35. **WHEREFORE**. Plaintiff demands judgment:

(a) Requiring the Defendant to account for and to pay over to Cannabis the short-swing profits recoverable from her under Section 16(b) of the Act together with appropriate pre and post judgment interest and the costs of this suit;

(b) Awarding to Plaintiff her costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

(c) Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Southampton, New York
September 1, 2015

/s/ David Lopez
David Lopez, Esq.
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11968
Tel: 631.287.5520
Fax: 631.283.4735
E-mail: DavidLopezEsq@aol.com

                                      Miriam Tauber, Esq.
                                      885 Park Avenue
                                      New York, New York 10075
                                      Tel:    323.790.4881
                                      E-mail: MiriamTauberLaw@gmail.com

<u>Address of Plaintiff</u>:                       *Plaintiff's Attorneys*
50 Cantitoe Road
Yonkers, New York 10710